**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:  JOANNE MARIE ADAMS,<br>                    Debtor. | Case No. 17-33303-KRH<br>Chapter 7 |
| JOANNE MARIE ADAMS,<br><br>                    Plaintiff,<br><br>v.<br><br>RICHARD F. HALL, JR.,<br>JAMES C. BREEDEN, and<br>BREEDEN & BREEDEN,<br><br>                    Defendants. | Adv. Pro. No.  22-03046-KRH |

## MEMORANDUM OPINION

On May 18, 2023, the Court conducted a trial (the "Trial") in the above-captioned adversary proceeding (this "Adversary Proceeding") wherein the Debtor, Joanne Marie Adams, (the "Plaintiff") brought a claim for the recovery of damages against James C. Breeden and Breeden & Breeden (collectively, the "Breeden Defendants") and Richard F. Hall, Jr. ("Hall", and together with the Breeden Defendants, the "Defendants") for an alleged violation of the discharge injunction.[1]

After considering the evidence and the arguments of counsel presented at the Trial, the record, and the applicable law, the Court found that the Defendants did violate the discharge injunction.  By *Order* [ECF No. 73] dated June 6, 2023 and entered June 8, 2023 (the "Judgment"),

---

[1] The Plaintiff initiated this matter as a *Motion to Hold Respondents in Contempt for Violating the Discharge Injunction* [ECF No. 1] (the "Motion").  On oral motion of the Plaintiff, the Court converted the Motion to an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure by *Order* entered June 13, 2022.

the Court held the Defendants in civil contempt for that violation and entered judgment against the Defendants and in favor of the Plaintiff in the amount of $100.00. In accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Memorandum Opinion supplements the Court's findings of facts and conclusions of law set forth in the Judgment.[2]

The Court has subject matter jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate pursuant to 28 U.S.C. § 1409(a).

**Procedural History**

On June 29, 2017 (the "Petition Date"), the Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby commencing her underlying bankruptcy case (the "Bankruptcy Case").[3] Stipulation ¶ 1, ECF No. 62 at 1. On December 13, 2017, the Court modified the automatic stay imposed by section 362 of the Bankruptcy Code to permit Hall to enforce his deed of trust lien that encumbered certain real property owned by the Plaintiff.[4] *See id.* ¶ 2, ECF No. 62 at 1. On February 7, 2018, the Plaintiff

---

[2] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[3] This was the second Chapter 7 bankruptcy filed by the Debtor in 2017. The first, Case No. 17-31675-KLP was filed on March 30, 2017, and dismissed on March 4, 2017.

[4] Order Granting Relief from Stay, *In re Adams*, Case No. 17-33303-KRH (Bankr. E.D. Va. Dec. 13, 2017), ECF No. 53. Because the Debtor had been a debtor in a case pending within the preceding year and because the Debtor failed to timely move for an extension, the automatic stay imposed by section 362 of the Bankruptcy Code as to the Debtor terminated as a matter of law in the Bankruptcy Case with respect to a debt or property securing such debt. 11 U.S.C. § 362(c)(3). In other words, the automatic stay as to the Debtor therefore expired on July 31, 2017.

2

received her discharge pursuant to section 727 of the Bankruptcy Code.[5]  *Id*. ¶ 3, ECF No. 62 at 1. The Debtor's Bankruptcy Case was closed the following month.

A little over six months later, on September 19, 2018, Adams filed suit against Hall in the Circuit Court for Northumberland County, Virginia, (the "State Court") in a case styled *Joanne M. Adams v. Richard F. Hall, Jr.*, Case No. CL18-319 (the "State Court Action").  *Id*. ¶ 4, ECF No. 62 at 1.  Hall was represented in the State Court Action by the Breeden Defendants.  *Id*. ¶ 5, ECF No. 62 at 1.  On October 28, 2019, Adams, by counsel, filed an amended complaint in the State Court Action.  *Id*. ¶ 6, ECF No. 62 at 2.  On March 6, 2020, Hall, through the Breeden Defendants, filed an answer to amended complaint.  *Id*. ¶ 7, ECF No. 62 at 2.  That answer included two counterclaims against Adams.  *Id.* Ex. 1, ECF No. 62-1 at 4-5.  The first is not at issue in this Adversary Proceeding.  The second counterclaim (the "Counterclaim"), however, sought a deficiency judgment against Adams resulting from the foreclosure sale authorized by the Order Granting Relief from Stay.  *Id.* Ex. 1 ¶¶ 8-10, ECF No. 62-1 at 5.  Adams answered the counterclaim through her counsel on March 26, 2020.  *Id.* ¶ 8 & Ex. 2, ECF Nos. 62 at 2, 62-2 at 2-7.  The State Court entered an agreed order dismissing the amended complaint and both counterclaims on March 15, 2021.  *Id.* ¶ 9, ECF No. 62 at 2.  "[B]y the agreement of the parties, evidence by the endorsement of their counsel," the Counterclaim was effectively dismissed with prejudice.  *See id*. Ex. 3 ¶ 4, ECF No. 62-3 at 2.

On March 2, 2022, the Court granted the Debtor's motion to re-open her bankruptcy case. The Debtor's Motion followed four days later.  The Breeden Defendants filed their *Answer* [ECF No. 5] in the Adversary Proceeding on June 28, 2022.  The *Answer and Affirmative Defenses of*

---

[5] Discharge of Debtor, *In re Adams*, Case No. 17-33303-KRH (Bankr. E.D. Va. Feb. 7, 2018), ECF No. 56 [hereinafter the "Discharge Order"].

3

*Richard F. Hall, Jr.* [ECF No. 10] was filed on September 13, 2022. On February 6, 2023, the Court issued an Order that prohibited the Plaintiff from putting forward any evidence for the purpose of establishing emotional distress damages finding that such damages were not available in civil contempt cases.[6]

On April 7, 2023, the Court entered an *Order Setting Hearings and Continuing Trial* [ECF No. 61] (the "Order Setting Hearings"). The Court notified the parties pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable to this Adversary Proceeding by Bankruptcy Rule 7056, that the Court was considering entry of partial summary judgment as to whether the Plaintiff had sustained any damages from the alleged violation of the Discharge Order. Plaintiff asserted in response that she had incurred economic damages in the amount of $100 on account of traveling expenses to and from her lawyer to defend the Counterclaim. Obj. to Summ. J., ECF No. 64 at 3. As Plaintiff's damages for civil contempt are limited to compensation for the actual losses she sustained,[7] the Court limited Plaintiff's damages recoverable in this Adversary Proceeding to $100.00. Order Granting Partial Summ. J., ECF No. 67 (the "Order Granting Partial Summary Judgment").

## Analysis

The Plaintiff is seeking damages from the Defendants for the violation of the discharge injunction. Actions seeking damages for violations of a discharge injunction are civil contempt proceedings. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019). Civil contempt for violation of a discharge injunction is only appropriate when there is "no objectively reasonable basis for

---

[6] *See* Order Granting Motion in Limine [ECF No. 53]. The Court relied on the Fourth Circuit's decision in *Burd v. Walters (In re Walters)*, 868 F.2d 665, 670 (4th Cir. 1989).

[7] *See In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995).

concluding that the creditor's conduct might be lawful under the discharge order." *Id*. If the Court were to find that the Defendants are in civil contempt, then the Court has "broad discretion" in selecting the appropriate remedy. *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). The Court will address each of these matters in turn.

I.   Traditional Elements of Civil Contempt

"[T]he bankruptcy statutes incorporate the traditional standards in equity practice for determining when a party may be held in civil contempt for violating an injunction." *Taggart*, 139 S. Ct. at 1801. Under traditional standards in the Fourth Circuit, to establish civil contempt, the complainant must prove by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (omissions and alterations in original) (quoting *Colonial Williamsburg Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1405-06 (E.D. Va. 1992)). Once the court has found civil contempt by clear and convincing evidence, the complainant must establish her damages by a preponderance of the evidence. *In re Gen. Motors Corp.*, 110 F.3d 1003, 1018 (4th Cir. 1997). Hall conceded all elements necessary for establishing civil contempt with the exception of knowledge of the violation, harm suffered by the Plaintiff, and damages. The Breeden Defendants conceded all elements of civil contempt except that the Plaintiff was harmed and that she suffered damages.[8]

---

[8] The Court independently finds that each of these elements has been established by clear and convincing evidence. A Discharge Order was entered in the Bankruptcy Case. Pl. Ex. L, ECF No. 40 at 72-73; Stipulation ¶ 3, ECF No. 62 at 1. The Defendants had knowledge of the Discharge Order. *Answer* ¶ 14, ECF No. 5 at 3; Case No. 1733303-KRH, ECF No 54 (court records showing the Discharge Order was mailed to Hall). The Discharge Order was in the Plaintiff's favor. Pl. Ex. L, ECF No. 40 at 72-73; Stipulation ¶ 3, ECF No. 62 at 1. The

5

A.    *Hall's Knowledge*

Hall had sufficient knowledge of the Counterclaim. "[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)); *In re Southworth*, No. 18-11922, 2021 WL 1422871, at *3, 2021 Bankr. LEXIS 150, at *6 (Bankr. N.D.N.Y. Jan. 22, 2021), *aff'd sub nom. Applebaum v. Southworth*, No. 1:21-CV-0137(GTS), 2021 WL 4260637 (N.D.N.Y. Sept. 20, 2021) (holding client liable for attorney's violation of discharge injunction); *In re Larsen*, 580 B.R. 901, 915 n.13 (Bankr. D. Idaho 2017) (same). It is undisputed that the Breeden Defendants served as counsel to Hall in the State Court Action. Stipulation ¶ 5, ECF No. 62 at 1. The Breeden Defendants conceded knowledge of the violation. James C. Breeden signed the pleading that asserted the Counterclaim on behalf of Hall, *id.* Ex. 1, ECF No. 62-1 at 6. Longstanding principals of attorney-client agency impute knowledge of the violation to Hall.[9] Adams testified that Hall was aware of the Counterclaim after it was filed. No evidence to the contrary was presented by Hall. The Court finds that Hall knew that the Counterclaim had been filed and that he ratified its filing by his failure to take corrective action. Hall, therefore, had sufficient knowledge to warrant a finding of civil contempt.

---

Counterclaim attempted to collect a debt discharged under section 727 of the Bankruptcy Code, and therefore violated the discharge injunction imposed by section 524(a)(2) of the Bankruptcy Code. 11 U.S.C. § 524(a)(2) ("A discharge . . . operates as an injunction against . . . an act, to collect, recover, or offset any such debt as a personal liability of the debtor."). James C. Breeden signed the Counterclaim on behalf of Breeden & Breeden. Therefore, the Breeden Defendants had knowledge of the violation. *See* Stipulation Ex. 1, ECF No. 62-1 at 6.

[9] Hall's reliance on *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.* (*In re Atlas Mach. & Iron Works, Inc.*), 239 B.R. 322 (Bankr. E.D. Va. 1998) is misplaced. *Atlas* dealt with willful violations of the automatic stay imposed by section 362 of the Bankruptcy Code, which are statutorily remedied by section 362(k). *Taggart* makes clear that automatic stay violations and discharge injunctions do not require the same mental state. 139 S. Ct. at 1803-04. Thus, *Atlas*'s holdings regarding mental state are inapposite here.

B.  *Adams' Harm*

The Counterclaim harmed Adams. The uncontroverted evidence presented showed that Adams had to incur the cost of traveling 180 miles roundtrip to see her attorney to discuss the Counterclaim. The Counterclaim left Adams in a worse position than she otherwise would have been. The fact that this harm may have been slight will be considered in determining the appropriate sanction.

C.  *Adams' Damages*

Adams was damaged by the harm caused by the Counterclaim. Adams testified that she sustained $103.50 in travel expenses due to the filing of the Counterclaim. No evidence was presented otherwise. The Court finds that Adams has proven all of the traditional elements necessary to establish a prima facie case for a finding of civil contempt.

II.  No Fair Ground of Doubt

To hold a party in civil contempt for a violation of a discharge injunction, there must be "no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order," even where a prima facie case of civil contempt has been established. *Taggart*, 139 S. Ct. at 1801. The Breeden Defendants conceded this element at the Trial. Hall made no such concession. Instead, he asserted that his reliance on counsel created a sufficient fair ground of doubt under this standard. The Fourth Circuit, however, has precluded this defense. The Fourth Circuit "squarely held – long before *Taggart* – that advice of counsel '*is not a defense*' to 'civil contempt.'" *Beckhart v. NewRez LLC*, 31 F.4th 274, 278 (4th Cir. 2022) (quoting *Burd v. Walters* (*In re Walters*), 868 F.2d 665, 668 (4th Cir. 1989)) (emphasis in original). "*Taggart* reaffirmed this approach." *Id*. Advice of counsel may not provide a fair ground of doubt under

7

*Taggart* in the Fourth Circuit.[10] The Court finds there was no objectively reasonable basis for concluding that the conduct of any of the Defendants might be lawful under the Discharge Order.

As all the traditional elements necessary to establish a prima facie case of civil contempt have been met and as the Defendants have failed to establish any objectively reasonable basis that would allow the Court to conclude that their conduct might have been lawful, the Court will now hold the Defendants in civil contempt for violation of the Discharge Order.

III.     Appropriate Sanction

The purpose of civil contempt is to compel compliance with a court order or to compensate the complainant for her actual losses arising from a violation thereof. *See Taggart*, 139 S. Ct. at 1801 (quoting *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)); *In re Gen. Motors Corp.*, 61 F.3d at 259 (civil contempt damages "must be remedial and compensatory and, unlike criminal contempt, nonpunitive."). "[A]ny sanction that may ultimately be imposed must be supported—both in type and in amount—by a sufficient evidentiary record." *Beckhart*, 31 F.4th at 278. With these guideposts in mind, "the appropriate remedy for civil contempt lies within the bankruptcy court's 'broad discretion.'" *Id.* (quoting *In re Gen. Motors Corp.*, 61 F.3d at 259). Based upon the evidence presented at Trial and the Order Granting Partial Summary Judgment, the Court finds that the appropriate remedy in the case at bar is to award Plaintiff $100.00 in compensation for her actual damages sustained as a result of the Defendants' violation of the Discharge Injunction. The Court, in the exercise of its reasonable discretion, will not award attorney's fees.

---

[10] While advice of counsel alone is not a complete defense, the Fourth Circuit acknowledged that, in certain circumstances, "a party's reliance on guidance from outside counsel may be instructive, at least in part, when determining whether that party's belief that she was complying with the order was objectively unreasonable." *Beckhart*, 31 F.4th at 278 n.*. Hall offered no evidence about whether he believed he was complying with the Discharge Order.

8

Reasonable attorney's fees may be permissible in civil contempt proceedings. *In re Gen. Motors Corp.*, 61 F.3d at 259; *Skaggs v. Gooch* (*In re Skaggs*), No. 17-50941, 2023 WL 322559 at *1, 2023 Bankr. LEXIS 128 at **1-3 (Bankr. W.D. Va. Jan. 19, 2023). But whether such an award is merited in any particular case is subject to (i) any applicable statutory restrictions, (ii) the Court's broad discretion, and (iii) the requisite evidentiary record. None of these factors militate in favor of such an award in the case at bar.

Counsel to the Plaintiff is not entitled to compensation because he failed to comply with the necessary requirements of the Bankruptcy Code and Bankruptcy Rules governing attorney's fees in bankruptcy cases.

> Any attorney representing a debtor in a case under [the Bankruptcy Code], or in connection with such a case, whether or not such attorney applies for compensation under [the Bankruptcy Code], shall file with the court a statement of the compensation paid or agreed to be paid, if such agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a). This requirement is given further specificity by Bankruptcy Rule 2016(b) and Local Bankruptcy Rule 2016-1(B). The latter provides:

> Pursuant to 11 U.S.C. §329 and FRBP 2016, each attorney representing a debtor under any chapter of the Bankruptcy Code shall file an Attorney's Disclosure Statement, irrespective of the amount of fees received or requested. The Disclosure Statement, if not filed with the petition, shall be filed not later than 14 days after . . . the date that counsel is engaged.

Local Bankruptcy Rule 2016-1(B). "Fee disclosure under Section 329(a) and the Rules is mandatory, not permissive . . . and the duty to disclose is a continuing one." *Goodbar v. Beskin*, Civil Action No. 5:12-cv-063, 2013 WL 1249124, at *5, 2013 U.S. Dist. LEXIS 42675, at *17 (W.D. Va. Mar. 26, 2013) (internal citations omitted). "[F]ailure to properly comply with such

9

disclosure rules can justify denial or disgorgement of fees." *In re Vernon-Williams*, 343 B.R. 766, 799 (Bankr. E.D. Va. 2006), *aff'd in part and rev'd in part*, *Boleman Law Firm, P.C. v. United States*, 355 B.R. 548 (E.D. Va. 2006).

The Court has received no evidence as to when the Plaintiff engaged her counsel. As of the date of Trial, counsel had failed to file the attorney disclosure statement required by section 329 of the Bankruptcy Code in accordance with Bankruptcy Rule 2016(b). Counsel's failure to comply with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules precludes him from seeking an award of attorney's fees in this Adversary Proceeding.

This statutory prohibition notwithstanding, the Court finds that it would be inequitable to overlook Plaintiff's counsel's noncompliance with this requirement of the Bankruptcy Code and allow him to recover his fees from the Defendants where the Adversary Proceeding that Plaintiff brought is premised upon the Defendants' noncompliance with a separate provision of the Bankruptcy Code. The Court will not allow the Plaintiff to pick and choose when – and to whom – the edicts of the Bankruptcy Code apply.[11]

Moreover, the Court has already limited damages to $100.00. In civil contempt actions for discharge injunction violations, attorney's fees are an element of the plaintiff's damages. *In re Skaggs*, 2023 WL 322559 at *1, 2023 Bankr. LEXIS 128 at **1-3. When the Court directed any party opposing an entry of summary judgment as to damages to file an objection identifying what genuine issues of material fact remained at issue, the Plaintiff's response made no mention of her

---

[11] Plaintiff's counsel has demonstrated, at best, a nonchalant regard for orders of this Court throughout the pendency of this case. This Court had to enter an *Order* [ECF No. 24] granting the *Defendants James C. Breeden and Breeden & Breeden, P.C.'s Motion to Compel* [ECF No. 17], because Plaintiff failed to comply with the *Pretrial Order* [ECF No. 12] (the "Pretrial Order"). The Court's *Order Setting Trial and Striking Pleadings* [ECF No. 66] struck three separate filings for failure to comply with the Pretrial Order. Entry of each of these orders was proceeded by a hearing, at which counsel for all parties attended. It would be inequitable to award attorney's fees to the Plaintiff for her vindication of one Court order while she disregarded the hours expended by opposing attorneys and the Court due to her own counsel's noncompliance. The Court, in its discretion, will not do so.

10

attorney's fees. *See* Obj. to Summ. J., ECF No. 64. The Plaintiff is bound by her representations to the Court and may not now seek recovery of those fees.

Finally, the Plaintiff has failed to provide a sufficient evidentiary basis for the fee award.[12] The only evidence the Plaintiff offered at trial regarding fees was her testimony on recall regarding the terms of the engagement. Counsel for the Plaintiff then proceeded to contradict his client's own testimony at points during his closing argument.[13] Attorney's fees in bankruptcy must be reasonable in relation to the services rendered. 11 U.S.C. § 329(b). A finding of reasonableness would require facts not in the record including, at the most basic level, the time the attorney has expended on this case. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (applying the *Johnson* factors to attorney compensation). The Court, therefore, finds that attorney's fees cannot and should not be awarded in the case at bar.

The Defendants, having violated the discharge injunction without an objectively reasonable basis for believing their conduct was lawful, are liable for civil contempt. The Plaintiff testified that she suffered harm as a result of the violation. The Court finds that Plaintiff incurred damages in the amount of $103.50. The Court finds that Plaintiff is not entitled to attorney's fees. Because damages have been capped at $100.00 in this case, the Court will award the Plaintiff $100.00 for the Defendants' violation of the discharge injunction.

---

[12] Substantive law required the Plaintiff to prove his fees at trial as an element of damages. *Skaggs*, 2023 WL 322559 at *1, 2023 Bankr. LEXIS 128 at **1-3; Fed. R. Civ. P. 54(d)(2)(A); Fed. R. Bankr. P. 7054(b)(2)(A). The Plaintiff did not timely move for a separate trial on the issue of damages pursuant to Civil Rule 42(b), as made applicable to this Adversary Proceeding by Bankruptcy Rule 7042.

[13] Counsel for the Plaintiff also contradicted himself in the representation he made to the Court concerning his fee agreement with the Plaintiff. While the Court generally found the Plaintiff's testimony to be credible, the Court did not find any testimony or argument offered by the Plaintiff as to fees to be credible.

A separate Order of Judgment was entered. *See* ECF No. 73.

DATED: June 23, 2023

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: June 23, 2023